DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the December 7, 2001 judgment of the Sandusky County Court of Common Pleas, which denied summary judgment to appellants, Jared Danziger, Nathan Danziger, and Samuel Danziger, and granted summary judgment to appellee, Barry F. Luse, Successor Corporate Secretary of Croghan Bancshares, Inc. and Croghan Colonial Bank. Upon consideration of the assignment of error, we affirm the decision of the lower court.
 {¶ 2} Appellants assert the following single assignment of error on appeal:
 {¶ 3} "The trial court erred in the Judgment Entry in denying Appellants' Renewed Motion for Summary Judgment."
 {¶ 4} Appellants sought to inspect and copy the corporate minutes of Croghan Bancshares, Inc. and Croghan Colonial Bank. Appellants own shares of Croghan Bancshares, Inc. Croghan Bancshares, Inc. is the sole owner of all of the shares of Croghan Colonial Bank. Both Croghan Bancshares, Inc and Croghan Colonial Bank share the same headquarters and officers.
 {¶ 5} The trial court found that Croghan Bancshares, Inc. complied with R.C. 1701.37(C) by offering appellants the opportunity to inspect and copy its minutes. The court also found that pursuant to R.C.1103.16(C), appellants were not entitled to inspect the records of Croghan Colonial Bank because they are not shareholders of the bank.
 {¶ 6} On appeal, appellants argue that it should have the right under R.C. 1701.37(C) to inspect the records of Croghan Colonial Bank because it is a wholly-owned subsidiary of Croghan Bancshares, Inc.
 {¶ 7} R.C. 1701.37(C) provides as follows:
 {¶ 8} "Any shareholder of the corporation, * * *, shall have the right to examine in person * * *, the articles of the corporation, its regulations, its books and records of account, minutes, and records of shareholders aforesaid, and voting trust agreements, if any, on file with the corporation, * * *."
 {¶ 9} R.C. 1103.16(C) provides as follows:
 {¶ 10} "(C) Any shareholder of the bank, upon written demand stating the specific purpose of the demand, has the right to examine in person or by agent or attorney at any reasonable time and for any reasonable and proper purpose, the books and records of the bank, except books and records of deposit, agency or fiduciary accounts, loan records, and other records relating to customer services or transactions."
 {¶ 11} Appellants argue that this court must interpret these statutes to determine whether they permit a shareholder of the parent corporation/bank to have access to the records of a wholly owned subsidiary. We decline to do so because the statutes in this case are unambiguous and, therefore, must be applied as written. Ohio Council 8,Am. Fedn. of State, Cty. Mun. Emp., AFL-CIO v. Cincinnati (1994),69 Ohio St.3d 677, 683. See, also R.C. 1.42. R.C. 1103.16(C) provides that only the shareholders of the bank can obtain records of the bank. Appellants are not the shareholders of Croghan Colonial Bank, a wholly-owned subsidiary of Croghan Bancshares, Inc. v. Croghan Bancshares, Inc., the parent corporation, is the sole shareholder. Therefore, we find appellants' sole assignment of error not well-taken.
 {¶ 12} Having found that the trial court did not commit error prejudical to appellants, the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.